UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN POSTAL WORKERS
UNION AFL-CIO,
                              Plaintiff,

                -v-

UNITED STATES POSTAL SERVICE,
                              Defendant.

18-CV-11027 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

In this suit, the American Postal Workers Union seeks an order directing the United States Postal Service to comply with its obligations under a collective bargaining agreement. Because the Union has not first sought such relief through the grievance procedure specified in the collective bargaining agreement, the Union has failed to show that it has exhausted its contractual remedies. The complaint is therefore dismissed for failure to state a claim.

I.   **Background**

The following facts are taken from the complaint (Dkt. No. 2 ("Compl.")) and the parties' statements of undisputed material facts (Dkt. No. 21; Dkt No. 26 ("SOF")).

Plaintiff American Postal Workers Union is a labor organization. (Compl. ¶ 3.) The Union is party to a collective bargaining agreement with Defendant United States Postal Service, which is charged with providing postal services to the citizens of the United States. (Compl. ¶¶ 3–4.) The bargaining agreement sets forth the terms and conditions of employment for all employees represented by the Union. (Compl. ¶ 5.) As relevant here, the bargaining agreement places certain restrictions on the Postal Service's "reversion" (i.e., elimination of vacant positions) of so-called "clerk craft" positions. (Compl. ¶¶ 10–13.) The bargaining agreement also sets out a dispute resolution process that ends in arbitration if the parties are unable to

resolve the dispute through the grievance procedure. (SOF ¶ 2.) Under the agreement, arbitration decisions are final and binding. (SOF ¶ 3.)

In 2017, the Postal Service reverted a clerk craft position at Gracie Station, a post office located in New York City. (SOF ¶ 4.) In response, the Union filed a grievance, arguing that the reversion did not comply with the bargaining agreement. (SOF ¶ 5.) The dispute eventually made its way to arbitration, where the parties settled and agreed on a consent award. (SOF ¶ 8.) Under the terms of the award, the Postal Service agreed that it would post the position for bidding and, in the event of a successful bidder, the vacancy would not be reverted. (SOF ¶ 9.) The award also stated that the "settlement is precedent setting in the USPS NY District and is citable." (*Id.*)

Subsequent grievance arbitrations have led to the same result. In January 2017, the Postal Service reverted at least one position at the Morgan Processing and Distribution Center, located in New York City. (SOF ¶ 11.) The Union took the grievance to arbitration and won an award from the arbitrator, who determined that the first consent award "and its attending precedent setting agreement . . . should be applied to the instance grievance." (SOF ¶ 16.) Similarly, in March of 2017, the Union disputed two reversions at the Lenox Hill Station, a post office located in New York. (SOF ¶ 18.) Again, the Union won an arbitration award. (SOF ¶¶ 18–24.) In that award, the arbitrator found that the Postal Service was "attempt[ing] to retreat from the terms of the [initial consent award] it had entered into" and concluded that "the Postal Service's continued prosecution of these reversion cases to arbitration amount[ed] to an utter abdication of the good faith bargaining and finality of arbitration requirements embodied in [the collective bargaining agreement]." (SOF ¶¶ 22, 24.) Since the initial consent award, the Union has arbitrated six reversion grievances in New York and has prevailed in all of them. (SOF

2

¶ 28.) There are currently seventy-eight pending grievances disputing reversions by the Postal Service in New York. (SOF ¶ 29.)

The Union brings this action against the Postal Service, alleging that the Postal Service has breached the collective bargaining agreement. The Union seeks an order "[c]onfirming, enforcing and directing the Postal Service to comply with [previous arbitration awards], including directing the Postal Service to cease and desist from its failure to adhere to the provisions of the [collective bargaining agreement] with regard to reverting duty assignments in the New York District." (Compl. at 8.) Further, the Union asks the Court to "[d]irect[] the Postal Service to resolve all pending reversion grievances in accordance with the [previous arbitration] Awards." (*Id.*) The Union also seeks fees and costs. (*Id.*)

The Postal Service has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 11.) The Union has moved for summary judgment under Federal Rule of Civil Procedure 56. (Dkt. No. 18.)

## II.     Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the well-pleaded factual allegations of the complaint, presumed true, permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Under Federal Rule of Civil Procedure 56(a), a court shall grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And an issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## III. Discussion

The Postal Reorganization Act vests federal courts with jurisdiction to enforce arbitration awards that are final and binding. *See* 39 U.S.C. § 1208(b).[1] The Union's complaint seeks enforcement of two previous arbitration awards — the November 2017 award from Arbitrator Pecklers and the June 2018 award from Arbitrator DeMarco (Compl. at 8) — whose finality is not in dispute (SOF ¶¶ 10, 17). At the outset, then, this Court finds jurisdiction over the subject matter of this case and denies the Postal Service's motion to dismiss for lack of jurisdiction.

Ordinarily, however, "a union and its members must exhaust the remedies provided in their collective bargaining agreement with the employer before they seek judicial intervention." *Nat'l Post Office Mail Handlers Local No. 305 v. U.S. Postal Serv.*, 594 F.2d 988, 991 (4th Cir.1979) (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–53 (1965)).[2] In this case,

---

[1] The Act provides: "Suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy." 39 U.S.C. § 1208(b).

Although the Act does not expressly provide for enforcement of arbitration awards, this provision is "the analogue" of section 301(a) of the Labor Management Relations Act, which does provide such authority. *Nat'l Ass'n of Letter Carriers v. U.S. Postal Serv.*, 590 F.2d 1171, 1174 (D.C. Cir. 1978).

[2] An exception to the exhaustion requirement exists if the contractual remedies "are unsatisfactory or unworkable by reason of misconduct of the employer or of the union." *Nat'l*

4

the Union seeks broad injunctive relief against an alleged pattern of conduct by the Postal Service — namely, a "strategy of requiring the [Union] to file and arbitrate grievances over each reversion separately" (Compl. ¶ 35). But the Union has not demonstrated it has first attempted to seek that relief by invoking the grievance procedures mandated by the collective bargaining agreement. *See United Elec., Radio and Mach. Workers of Am. v. Honeywell Inc.*, 522 F.2d 1221, 1226 (7th Cir. 1975) ("There is a well-established practice to permit the arbitration of multiple grievances or grievances against policies or patterns of conduct where it is not explicitly prohibited by the collective bargaining agreement."). Without doing so, the Union has failed to exhaust its contractual remedies. Its complaint is therefore premature and must be dismissed for failure to state a claim.[3]

The Union attempts to circumvent the exhaustion requirement by arguing it merely asks this Court to "give legal effect to the [prior arbitral] Awards." (Dkt. No. 27 at 3.) That argument is belied by the Union's complaint, which seeks a prospective order "[d]irecting the Postal Service to resolve all pending reversion grievances in accordance with the Awards." (Compl. at 8.) Thus, the Union seeks "the sort of broad declaratory and injunctive relief" that "the union [must first] ask[] the arbitrators themselves to grant." *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 601–02 (7th Cir. 2017).

---

*Post Office Mail Handlers Local No. 305 v. U.S. Postal Serv.*, 594 F.2d 988, 991 (4th Cir. 1979). But that exception applies only if the party seeking judicial intervention "show[s] that the exhaustion of remedies is unworkable." *Am. Postal Workers' Union v. U.S. Postal Serv.*, 646 F. Supp. 2d 1, 4 (D.D.C. 2009). The Union has made no such showing here.

[3] Some courts have held that the failure to exhaust remedies under the Postal Reorganization Act is a jurisdictional defect. *See, e.g.*, *Am. Postal Workers' Union*, 646 F. Supp. 2d at 2. Others, however, have not. *See Am. Postal Workers Union v. U.S. Postal Service*, 65 F. Supp. 3d 134, 139 n.1 (D.D.C. 2014) (collecting cases). This Court concludes that the better approach is to dismiss for failure to state a claim. A Rule 12(b)(6) dismissal better coheres with "prior case law under the Postal Reorganization Act and . . . the Labor-Management Relations Act." *Id.*

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss for lack of jurisdiction is DENIED. Defendant's motion to dismiss for failure to state a claim is GRANTED. Plaintiff's motion for summary judgment is DENIED.

The Clerk of Court is directed to close the motions at Docket Numbers 11 and 18 and to close this case.

SO ORDERED.

Dated: November 20, 2019
New York, New York

_____
J. PAUL OETKEN
United States District Judge